**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Clifton Lee,

        Plaintiff,

v.

Obell Winn, et al.,

        Defendants.

Case No. 20-12480
District Judge David M. Lawson
Magistrate Judge Jonathan J.C. Grey

_____/

**REPORT AND RECOMMENDATION ON O.T. WINN**
**AND NANNIE CULBERSON'S MOTION**
**FOR SUMMARY JUDGMENT (ECF No. 19)**

Clifton Lee, an incarcerated person, brought this complaint pro se against

Michigan Department of Corrections (MDOC) Warden O.T. Winn, and Officers

Nannie Culberson and Jesse Swartz[1] under 42 U.S.C. § 1983 for violations of his

Eighth and Fourteenth Amendment Constitutional rights. (ECF No. 1.) He also

claims Michigan state law violations. (*Id.*) On May 13, 2022, Winn and Culberson

---

[1] Lee originated this claim in the United States District Court for the Western District of Michigan. (ECF No. 3.) United States District Judge Janet T. Neff summarily dismissed Officer Richard Russell from the claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). (*Id.*) As the remaining defendants resided in the Eastern District of Michigan and the alleged events took place in this district, Judge Neff transferred the case here. (*Id.*)

filed an unopposed motion for summary judgment based on Lee's failure to exhaust available administrative remedies. (ECF No. 19.)

For the following reasons, the undersigned **RECOMMENDS** that Winn and Culberson's motion for summary judgement (ECF No. 19) be **GRANTED** and Lee's claims against Winn and Culberson be **DISMISSED**.

## I.    Background

On September 10, 2020, Lee brought this verified complaint against Prison Officials Winn, Culberson, and Swartz. (ECF No. 1.) In the complaint, Lee alleged that on or about January 28, 2018, Swartz separated Lee from others and assaulted him. (*Id.*) Lee purportedly approached Culberson in her office the next day to report the incident. (*Id.*) She then allegedly told him "[he knew] what to do and to get out of her office." (*Id.*) On January 29, 2018, Lee completed a step I grievance form against Swartz for the alleged events. (ECF No. 19-4, PageID.102.) It is unclear from the record when that grievance was filed. Lee's January 29, 2018 grievance was handled under the Prison Rape Elimination Act (PREA). MDOC Policy Directive [PD] 03.02.130 (March 18, 2019), ECF No. 19-2, PageID.72; (ECF No. 19-4, PageID.97). Sargent Ehinger conducted a PREA investigation based on that grievance and issued a report on September 25, 2018 finding insufficient evidence to substantiate the allegations. (*Id.*, PageID.98.) Defendants admit that Lee adequately exhausted his claims against Swartz because an

investigation was completed. (ECF No. 19, PageID.65.) Lee later filed a grievance

on March 24, 2020, with substantially the same allegations, claiming that nothing

was done in response to his January 29, 2018 grievance. (ECF No. 19-3,

PageID.85.)

However, defendants contend that Lee failed to exhaust his administrative

remedies for Winn or Culberson because he failed to name Winn and Culberson in

the January 29, 2018 or March 24, 2020 grievances. (ECF No. 19, PageID.64.)

Further, defendants state, even if he had named them in the latter grievance, it was

filed more than two years after the alleged improper conduct, making it untimely.

(*Id.*, PageID.64.) The records provided by defendants show that up to the filing of

this lawsuit, Lee has filed three step III grievances, only one of which concerns the

events of this complaint, SRF-20-03-0171-28E. (*See* ECF No. 1-1, PageID.11.;

ECF No. 19-3, PageID.82, 85.) Lee does not dispute this. It is also undisputed that

this step III grievance was received at step I on March 24, 2020. (ECF No. 19-3,

PageID.85.)

## II.    Legal Standard

If the movant can show that there are no genuine disputes over facts that are

material to a claim and the movant is entitled to judgment according to the law on

the facts, the Court will grant summary judgment. Fed. R. Civ. P. 56(a). The party

moving for summary judgment has the initial burden of establishing that there are

no genuine disputes by pointing to specific portions of the pleadings, depositions,

interrogatory answers, admissions, and affidavits for support. *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323 (1986). The principal purpose of the summary judgment

rule is to dispose of factually unsupported claims or defenses. *Id*. at 323–24. Once

the moving party has met their burden, the non-moving party must provide

evidence, through depositions, affidavits, admissions, and interrogatory answers,

establishing that there is a genuine issue for trial. *Id*. The Court must view

inferences drawn from the evidence in the light most favorable to the non-moving

party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986).

## III.   Exhaustion

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust

all available state administrative remedies to bring a § 1983 action in federal

courts. 42 U.S.C. § 1997e(a). Exhaustion must be proper, meaning that the plaintiff

must have completed "all steps that the agency holds out . . . *properly* (so that the

agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90

(2006) (quotations omitted). Procedural rules must be followed to adequately

exhaust. *Id*. at 95–97.

MDOC Policy Directive (PD) 03.02.130 establishes grievance procedures

for MDOC prisoners. First, the prisoner must include the "[d]ates, times, places,

and names of all of those involved in the issue being grieved." MDOC PD

03.02.130, S, ECF No. 19-2, PageID.75. A prisoner fails to exhaust his

administrative remedies by failing to comply with the MDOC policy requirement

to name the individuals involved. *Mattox v. Edelman*, 851 F.3d 583, 590–91 (6th

Cir. 2017).

The grievance timelines are explicit. After an issue arises, the prisoner must

attempt to resolve the issue with the involved staff member within two days. *Id.*, Q,

PageID.75. Once the prisoner has spoken with the involved staffer, they may

proceed to file a step I grievance within five business days after the attempted

informal resolution. *Id.* If dissatisfied with the outcome at step I, the prisoner may

file a step II grievance within 10 business days of receiving a step I response. (*Id.*,

DD, PageID.77.) If still dissatisfied with the resolution at step II, the prisoner may

file a step III grievance within 10 business days. (*Id.*, HH, PageID.78.) The step III

response is final. (*Id.*, II.) A prisoner fails to exhaust their administrative remedies

when they fail to meet the set deadlines. *Ngo*, 548 U.S. at 95–97.

The alleged assault took place on or around January 19, 2018. None of the

grievances that the parties provided to the Court named Winn or Culberson as

having committed any offenses. (*See* ECF No. 1-1, PageID.11; ECF No. 19-3,

PageID.84–85, 87, 89, 92, 94; ECF 19-4, PageID.102.) Lee mentioned Culberson

in two grievances (written as "Coverson"), but only mentioned Culberson in the

context of Lee's attempts to resolve the issue prior to filing a step I grievance. (*See* ECF No. 19-3, PageID.85, ECF No. 19-4, PageID.102.) Lee never named Culberson as having committed any grievable issues. By failing to name Winn and Culberson in the filed grievances as individuals who committed grievable acts, Lee has failed to comply with MDOC procedural rules and failed to exhaust his administrative remedies. *See Mattox*, 851 F.3d at 590–91; *see also Ngo*, 548 U.S. at 95–97. The untimely March 24, 2020 grievance cannot be a basis for failure to exhaust since the 2020 grievance states the same allegations as the grievance dated January 29, 2018. *Compare* (ECF No. 19-4, PageID.102) (grievance dated January 29, 2018) *with* (ECF No. 19-3, PageID.85) (grievance received on March 24, 2020). The January 29, 2018 grievance was handled under the Prison Rape Elimination Act (PREA) and an investigation was completed, exhausting Lee's administrative remedies against Swartz. *See* MDOC PD 03.02.130, D, ECF No. 19-2, PageID.72; PREA report, dated Sept. 27, 2018, ECF No. 19-4, PageID.97. However, since Lee failed to name Winn or Culberson in either the January 29, 2018 grievance or March 24, 2020 grievance, he cannot maintain a suit against Winn or Culberson.

## IV.    Recommendation

Thus, the undersigned **RECOMMENDS** that Winn and Culberson's motion

for summary judgment be **GRANTED** and Lee's complaint against Winn and

Culberson be **DISMISSED**. Lee's complaint naming Swartz shall proceed.


Dated:  February 22, 2023                    s/**Jonathan J.C. Grey**
                                             Jonathan J.C. Grey
                                             United States Magistrate Judge

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must precisely specify the provision of this Report and Recommendation objected to. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 22, 2023.

s/ **Julie Owens**
Julie Owens
Case Manager