UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON LEE,

        Plaintiff,                        Civil Action No. 20-12480

v.                                             Matthew F. Leitman
                                               United States District Judge

OBELL WINN, *et al.*,                David R. Grand
                                               United States Magistrate Judge

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 36)

This is a prisoner civil rights case commenced by plaintiff Clifton Terron Lee ("Lee") against the only remaining defendant in this case, Michigan Department of Corrections' ("MDOC") officer Jesse Swartz ("Swartz"), alleging that Swartz subjected him to a strip search that violated his Eighth Amendment rights. (ECF No. 1).[1] The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 26).

On July 20, 2023, Swartz filed a Motion for Summary Judgment. (ECF No. 36). Lee filed a response, and Swartz filed a reply. (ECF Nos. 39, 40).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal

---

[1] Lee's other claims were dismissed pursuant to the Court's prior rulings. (ECF No. 27).

issues are adequately presented in the briefs, and it declines to order a hearing.

I.  **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Swartz's Motion for Summary Judgment **(ECF No. 36)** be **GRANTED.**

II.  **REPORT**

   A.  **Background**

Lee, who is currently incarcerated at the MDOC's Ionia Correctional Facility, brings this civil rights action against Officer Swartz based on an incident that occurred while Lee was incarcerated at the MDOC's Saginaw Correctional Facility. Relevant to Lee's sole remaining Eighth Amendment claim against Swartz, the complaint alleges that, on January 28, 2018, Lee and his cellmate were pulled out of their cell to be "strip searched due to a[n] inmate making allegations that [they] were planning on stabbing him, amongst a few other inmates." (ECF No. 1, PageID.3). Although Lee alleges the "standard procedure" is that "inmates are to be brought to the segregation unit to be stripped searched," Swartz allegedly took Lee "in the staff bathroom to strip search him." (*Id.*). Swartz ordered Lee to strip, "lift [his] testicles, squat and cough." (*Id.*). After Lee complied, Swartz then told him to "turn around and spread them." (*Id.*). As Lee was turning around to comply, Swartz "physically grabbed [him] on the buttocks and forcefully spread them apart." (*Id.*, PageID.4). Lee "resisted" and told Swartz that Swartz "was not supposed to touch" him. (*Id.*). Swartz then told Lee to "shut up and put [his] clothes back on," and Lee complied. (*Id.*). Based on the above, Lee claims that Swartz "physically committed [a] sexual assault

against [his] constitutional right to be free from cruel and unusual punishment . . ." (*Id.*, PageID.5). Lee seeks money damages. (*Id.*, PageID.6).

Swartz now moves for summary judgment, arguing that there is no genuine dispute of material fact that Lee failed to sufficiently demonstrate an Eighth Amendment violation, and that Swartz is entitled to qualified immunity.

### B. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*,

3

256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

### C. Analysis

In his motion, Swartz argues that Lee's Eighth Amendment claim based on a brief and isolated incident of a single strip search for a justifiable safety reason fails to rise to the level of a constitutional violation. (ECF No. 36, PageID.209-12). The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective component. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Here, the Court finds that there is no dispute of material fact that Lee failed to establish the objective component of his Eighth Amendment claim.

The Eighth Amendment's objective component requires "the pain inflicted to be 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seller*, 501 U.S. 294, 298 (1991). The U.S. Supreme Court has explained that "not every malevolent touch by a prison guard gives rise to a federal cause of action," and that the Eighth Amendment protects prisoners only from conduct which is "repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). This objective component is a "contextual inquiry that is responsive to

4

contemporary standards of decency," and the Sixth Circuit has instructed that courts should interpret the Eighth Amendment "in a flexible and dynamic manner." *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019).

The law is clear that "sexual abuse of prisoners could rise to the level of an Eighth Amendment violation." *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019). However, the Sixth Circuit has held that "isolated, brief, and not severe" instances of alleged sexual harassment do not give rise to Eighth Amendment violations. *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018). *See also Poe v. Ogemaw Cnty.*, 2020 WL 1041221, at *7 (E.D. Mich. Mar. 4, 2020) (noting that *Rafferty* acknowledged that "instances of sexual harassment that are 'isolated, brief and not severe' do not rise to an Eighth Amendment violation").

The Sixth Circuit's case in *Rafferty* is instructive on the type of sexual harassment that would implicate the Eighth Amendment. In that case, a female prisoner alleged that a male corrections officer forced her to "expose her breasts for him to view on three or four occasions" and "masturbate[] in [his] presence" on "one or two occasions." *Rafferty*, 915 F.3d at 1091. The Sixth Circuit held that the officer's "repeated demands" that the prisoner "expose her breasts and masturbate" for him on "up to six occasions" was "sufficiently serious" to satisfy the objective component of an Eighth Amendment claim. *Id.* at 1094. In so holding, the Sixth Circuit explained that this case was distinguishable from its prior cases' holdings that "'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations," as the prisoner in *Rafferty* was "repeatedly

required to engage in sexual acts against her will" and such "forced sexual acts" on multiple occasions were not "isolated, brief, and not severe." *Id.* at 1095-96.

The facts here are clearly distinguishable from those in *Rafferty*, and Lee fails to present evidence demonstrating that Swartz's conduct amounted to more than an "isolated, brief, and not severe" act such that it was "sufficiently serious" to rise to the level of an Eighth Amendment violation. *Rafferty*, 915 F.3d at 1091-94. Even viewing the record evidence in the light most favorable to Lee, his own deposition testimony makes clear that the challenged interaction with Swartz was a "one time" incident that lasted only "a couple minutes . . . at least five minutes;" the body cavity search took "probably like eight, ten seconds;" and he never had "any interactions with [Swartz] after that day." (ECF No. 36-2, PageID.235-37, 240). Lee also averred that he did not "suffer any injury" like "bruising or anything from the strip search," and that his basis for his claim is that he was sexually assaulted because "[bec]ause [Swartz] touched me period while I'm naked." (ECF No. 36-2, PageID.233 ("I don't care if he would've touched me on my leg, it would've been a sexual manner. I'm a guy. Why are you touching me? . . . I'm naked . . . You shouldn't be touching me at all . . . He actually grabbed my . . . [butt]cheeks and spread them."), PageID.238-39). Moreover, the record is undisputed that Swartz conducted the strip and cavity search not for any personal sexual gratification (or other improper purpose), but in response to allegations that Lee, his cellmate, and "some guys next door" were planning or threatening to stab another inmate, which Lee averred that he "understands" is a "reasonable reason to search" because it is a correctional officer's job to "basically keep guys safe." (*Id.*, PageID.230-32). Finally, Lee admits that Swartz "didn't say nothing" of

6

a sexual nature, and that when Lee reacted to the cavity search by stating, "Man, what the f--- is you doing? You don't supposed to be touching me,"[2] Swartz merely responded, "Shut up, put your clothes back on" and "didn't say nothing else after that." (ECF No. 36-2, PageID.235).

Even viewed in the light most favorable to Lee, such evidence fails to show that this incident was more than the type of "isolated, brief, and not severe" interaction that does not amount to an Eighth Amendment violation. *Jackson*, 158 F. App'x at 656. Rather, the facts in Lee's case are clearly more in line with the many Sixth Circuit cases holding that a prisoner's claim of a sexual touching or harassment that was "isolated, brief, and not severe" failed to amount to an Eighth Amendment violation. *See, e.g.*, *Hursey v. Anderson*, 2017 WL 3528206, at *5 (6th Cir. Mar. 31, 2017) (prisoner's claim that a nurse "pulled down his pants and showed [the prisoner] part of his buttocks" was "isolated, brief, and not severe"); *Johnson v. Ward*, 215 F.3d 1326 (6th Cir. 2000) (unpublished) (holding that, "whether construed as sexual harassment or excessive force," a prisoner's claim that an officer "placed his hand on [prisoner's] buttocks" and "made an offensive sexual remark to him" failed to meet the objective component of an Eighth Amendment claim); *Jackson*, 158 F. App'x at 656 (prisoner's claim that a prison guard "committed sexual

---

[2] The Court notes that "a defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation." *See Brooks v. Washington*, No. 21-cv-19, 2021 WL 2024706, at *3 (W.D. Mich. May 21, 2021)). *See also, Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation."); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994) (prison regulations "do not create an independent federal due process liberty interest or right in the prisoner.").

7

abuse/harassment by rubbing and grabbing [his] buttocks in a degrading and humiliating manner during a 'shakedown' in the prison food area," while condemnable if true, was "isolated, brief, and not severe" such that it did not rise to the level of an Eighth Amendment violation).

Accordingly, even viewing the record evidence in the light most favorable to Lee, he fails to create a material factual question that Swartz's one-time strip and body cavity search involving no sexual remarks in response to an allegation of a possible prisoner stabbing was more than an "insolated, brief, and not severe" incident which did not rise to the level of an Eighth Amendment violation.[3]

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Swartz's Motion for Summary Judgment **(ECF No. 36)** be **GRANTED**.

Dated: October 25, 2023  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

---

[3] For all these reasons, Swartz would also be entitled to qualified immunity because Lee failed to satisfy the objective component of his Eight Amendment claim, and thus failed to state a constitutional violation, much less a violation of clearly established law. *See Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021) (stating that a plaintiff bears the burden of overcoming qualified immunity by showing a violation of clearly established law). While *Rafferty* makes clear that sexual abuse that is not "isolated, brief, or not severe" can implicate the Eighth Amendment, Lee has not met his burden of pointing to clearly established law indicating that a brief, one-time strip and body cavity search involving no sexual remarks and in response to a prisoner safety issue amounts to "sufficiently serious" sexual abuse implicating the Eighth Amendment.

8

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2023.

                                                      s/Eddrey O. Butts
                                                     EDDREY O. BUTTS
                                                     Case Manager